# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:15-23-RGA |
| | ) |
| DAVID R. GIBSON, | ) |
| ROBERT V.A. HARRA, | ) |
| WILLIAM NORTH, and | ) |
| KEVYN RAKOWSKI, | ) |
| Defendants. | |

## DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

Defendants respectfully submit the following additional proposed instructions, which were provided to the Court in advance of the charge conference scheduled for <u>April 19, 2018</u>.

Respectfully submitted,

By: __/s/_____
Kenneth M. Breen
John P. Nowak
Phara A. Guberman
John S. Malik
*Attorneys for Defendant David R. Gibson*

By: __/s/_____
Michael P. Kelly
Steven P. Wood
Geoffrey N. Rosamond
Dawn Kurtz Crompton
Andrew M. Lawler
Sharon D. Feldman
*Attorneys for Defendant Robert V.A. Harra*

i

By: __/s/_____
   David E. Wilks
   R. Stokes Nolte
   Andrea Schoch Brooks
   Samuel Moultrie
   Thomas A. Foley
   *Attorneys for Defendant William North*

By: __/s/_____
   Henry E. Klingeman
   Helen Nau
   Bartholomew J. Dalton
   Andrew C. Dalton
   Ipek K. Medford
   *Attorneys for Defendant Kevyn Rakowski*

**No Respondeat Superior Liability**

A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of other employees or subordinates merely because the defendant held a position with the bank. Therefore, it is not enough for the government to prove that certain activity occurred at Wilmington Trust to demonstrate that the defendant knew of the activity or was responsible for that activity.  Nor is it enough for the government to prove that one or more of the alleged wrongdoers reported to the defendant.  In addition, you may not infer that the defendant, based solely on his or her positions at Wilmington Trust, had any knowledge of any particular activity.  Furthermore, it is not enough for the government to prove that the defendant should have known about any particular activity.

In each instance, the law requires more and I will instruct you on the particular requirements for each of the government's charges. The government must prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the particular unlawful intent required for any offense.[1]

---

[1] *United States v. Forbes*, 740 F. Supp. 2d 334 (D. Conn. 2010) (Final Jury Instructions).

### Reporting of "Past Due Loans" in SEC Reports

You have heard testimony and I have admitted exhibits relating to the reporting requirements for the purpose of reporting "past due loans" in corporate filings with the Securities Exchange Commission ("SEC"). There is no definition of the term "past due loan" in the SEC regulations or in guidance from the Division of Corporation Finance, a division within the SEC. There also is no definition of that term within generally accepted accounting principles, or what has been referred to as GAAP. There are references to the terms "contractually past due" within the Division of Corporation Finance's Guide 3, and there are other references to "contractual terms" within GAAP.

Accordingly, I am going to instruct you that whether a loan made be considered past due for the purposes of reporting to the SEC depends on the contract terms of a loan. It is up to you to agree unanimously as to the manner and method in which the terms of a loan's contract documents determine whether a loan is past due. If you cannot unanimously agree on the manner and method in which a loan is past due, then you cannot convict any of the defendants of such an offense.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable SEC reporting standards were clear, that the defendant you are considering understood the law and the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty for the defendant you are considering.

If the law or the applicable SEC reporting standards concerning "past due" loans were vague, unclear, or subject to more than one reasonable interpretation, or if the defendant you are

considering believed that the applicable reporting standards were vague, unclear, or subject to more than one reasonable interpretation, the defendant cannot be found to have acted knowingly, willfully, and with the intent to defraud. The government has the burden of proving beyond a reasonable doubt that the applicable reporting standards were clear, that the defendant you are considering understood the applicable reporting standards in question, and that the defendant acted willfully with the intent to defraud.